Order Filed on
**10/15/2008**
by Clerk U.S. Bankruptcy
Court District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PASCACK VALLEY HOSPITAL ) | Case No. 07-23686 |
| ASSOCIATION, INC., ) | |
| ) | |
| Debtor. ) | |

---------------------------------------------------------------x

### STIPULATION AND CONSENT ORDER

The relief set forth on the following pages, numbered one (1) through five (5) is hereby

ORDERED.

Dated: _____

**DATED: 10/15/2008**

_____
Honorable Rosemary Gambardella
United States Bankruptcy Judge

#1417327 v1 \016962 \0012

MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan
Michael R. Dal Lago

Attorneys for Group Health Incorporated
And GHI HMO, Select Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
In re:                                                      )    Chapter 11
                                                            )
PASCACK VALLEY HOSPITAL                                     )    Case No. 07-23686
ASSOCIATION, INC.,                                          )
                                                            )
                         Debtor.                            )
------------------------------------------------------------x

### STIPULATION AUTHORIZING GROUP HEALTH INCORPORATED AND GHI HMO, SELECT INC. TO FILE LATE PROOF OF CLAIM

This stipulation ("Stipulation") is made by and between Pascack Valley Hospital Association, Inc. ("Debtor") and Group Health Incorporated and GHI HMO, Select Inc. (collectively "GHI") concerning GHI's filing of a late proof of claim against the Debtor's estate for alleged overpayments that GHI claims were paid to the Debtor prior to the commencement of the above-captioned chapter 11 case, as follows:

WHEREAS, on September 24, 2007 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code");

WHEREAS, on September 27, 2007, the Clerk of the Bankruptcy Court issued the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines ("Notice of Filing and Deadlines");

WHEREAS, the Notice of Filing and Deadlines established January 22, 2008 ("Bar Date") as the last date by which unsecured creditors could file proofs of claim against the Debtor (ECF Docket No. 24);

WHEREAS, GHI is a duly licensed provider of health insurance;

WHEREAS, prior to the Petition Date, during the period of August 14, 2006 to August 27, 2006, a member of GHI's health insurance plans ("GHI Member") received certain medical treatment and services from the Debtor;

WHEREAS, as set forth in the Affirmation of John A. Dolan, Esq. on behalf of GHI, dated August 7, 2008 ("Dolan Affirmation") annexed hereto as Exhibit A, GHI asserts that:

   a. In the ordinary course of dealings between GHI and the Debtor, claims for medical treatment and services ("Medical Claims") provided by the Debtor to a GHI Member were routinely paid by GHI and such payments were subject to periodic audits and adjustments by GHI at a later date ("Adjustment"), if necessary;

   b. At the time that the Debtor filed this chapter 11 case, payments had been made by GHI with respect to the Medical Claims which remained subject to Adjustment;

   c. During the post-petition period, GHI conducted an audit of its Medical Claims which revealed that the sum of $24,271.00 had been inadvertently paid to the Debtor on the Medical Claims submitted to GHI prior to the Petition Date (collectively, "Overpayments");

   d. In accordance with GHI's and the Debtor's course of dealings, the Debtor was required to refund the Overpayments to GHI or GHI could deduct the Overpayments from any amount payable to the Debtor;

e. Upon discovery of the Overpayments, GHI immediately notified the Debtor of the Overpayments by forwarding an Explanation of Payments, dated August 17, 2007 ("Explanation of Benefits"), which was standard practice between GHI and the Debtor when overpayments occurred;

f. GHI also sent a letter to the Debtor, dated November 6, 2007 requesting reimbursement of the Overpayment;

g. At that time, GHI was completely unaware that the Debtor had filed for bankruptcy on the Petition Date because it had never received a copy of the Notice of Filing and Deadlines, as evidenced by the applicable Certificate of Service of the Notice of Filing and Deadlines;

h. On January 9, 2008, GHI sent a "2nd Notice" to the Debtor, again, requesting reimbursement for the Overpayment;

i. In or about March 28, 2008, GHI finally learned for the first time that the Debtor had filed for bankruptcy;

j. Since GHI was not served with notice of the Bar Date, a proof of claim was not timely filed by GHI on or before the expiration of the Bar Date; and

k. After its discovery of the Debtor's Chapter 11 case and the Bar Date, GHI promptly filed a proof of claim for the Overpayments on July 1, 2008 after the Bar Date had passed ("Proof of Claim No. 476").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Debtor and GHI as follows:

*Approved by Judge Rosemary Gambardella   October 15, 2008*

1. The recitals as set forth above are incorporated herein as if fully set forth at length; provided that nothing herein shall be deemed to constitute a concession or agreement by the Debtor as to any claims or contentions of GHI except as expressly provided herein.

2. Proof of Claim No. 476 is deemed timely filed, *nunc pro tunc* to before the passage of the Bar Date, and shall be treated as a timely filed claim under any plan that is confirmed in this case.

3. The Debtor solely waives its right to object to Proof of Claim No. 476 on the ground that the claim was filed after the Bar Date, but the Debtor reserves all of its rights, and the rights of the Debtor's estate, to object to Proof of Claim No. 476 on any other ground, including, without limitation, an objection based on any allegation that no overpayment was made or is otherwise recoverable by GHI.

4. This Stipulation is binding upon the parties, their successors, assigns and any subsequent trustees appointed in the Debtor's bankruptcy proceedings.

5. This Stipulation may be executed in counterparts by transfer of an originally signed document by facsimile or email in PDF format, each of which shall be as fully binding as an original document.

6. This Stipulation shall have no force and effect unless it is approved by the Bankruptcy Court. Should the Bankruptcy Court fail to approve this Stipulation, this Stipulation shall be deemed of no force and effect and none of the provisions shall be deemed to be admissions or be prejudicial or impair any rights or remedies of the parties.

7. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

*Approved by Judge Rosemary Gambardella    October 15, 2008*

Dated: September ___, 2008

SILLS CUMMIS & GROSS, P.C.
Attorneys for the Debtor

By: _____
Charles N. Panzer, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-5443

MORRISON COHEN LLP
Attorneys for Group Health Incorporated and
GHI HMO, Select Inc.

By: _____
Michael Dal Lago, Esq.
909 Third Avenue
New York, New York 10022
(212) 735-8600

CONSENTED TO AND AGREED UPON:

PORZIO, BROMBERG & NEWMAN, P.C.
Attorneys for the Official Committee of Unsecured Creditors

By: _____
Brett S. Moore, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962
(973) 889-4231

5

#1393810 v3 \016962 \0012

*Approved by Judge Rosemary Gambardella    October 15, 2008*