Case 07-23686-RG   Doc 1515   Filed 06/01/10   Entered 06/02/10 14:33:33   Desc Main
Document   Page 1 of 4

Case 07-23686-RG   Doc 1483-2   Filed 05/10/10   Entered 05/10/10 14:30:34   Desc
Application in Support of Proposed Order   Page 21 of 4

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| SILLS CUMMIS & GROSS P.C.<br>Jack M. Zackin (JZ 2540)<br>Valerie A. Hamilton (VH-5697)<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>(973) 643-7000<br>*Attorneys for Debtor and Debtor-in-Possession* | |
| In re:<br><br>PASCACK VALLEY HOSPITAL<br>ASSOCIATION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No.: 07-23686 (RG)<br><br>Return Date: June 1, 2010<br>11:00 a.m. |



FILED
JAMES J. WALDRON, CLERK
JUN - 1 2010
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

## FINAL DECREE

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

Dated: 6-1-10

_____
HON. ROSEMARY GAMBARDELLA, U.S.B.J.

Debtor: PASCACK VALLEY HOSPITAL ASSOCIATION, INC.
Case No.: 07-23686 (RG)
Caption of Order: FINAL DECREE

This matter having been opened to the Court upon the joint motion of Pascack Valley Hospital Association, Inc. and the Official Committee of Unsecured Creditors for the entry of a final decree and order closing and terminating this chapter 11 case and granting related relief, and the Court having reviewed and considered the Motion, and good cause appearing for the making and entry of this Order, and the Court finding that all of the Debtor's assets have been liquidated, distributed, abandoned and/or otherwise constitute assets that are the collateral of the Trustee (as identified in the Application in support of the Motion) that will be distributed to the Master Trustee in accordance with this Court's August 20, 2008 Order Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105(a) Approving Agreement Relating to Trustee Claims [Docket No. 631];

IT IS ORDERED as follows:

1. The Motion is granted in all respects. The Debtor shall transfer to the Master Trustee or otherwise dispose of any remaining assets that constitute the Master Trustee's collateral within sixty (60) days after the entry of this Order and on terms mutually acceptable to the Debtor and Master Trustee. Any costs associated with the transfer of collateral to the Master Trustee shall be borne by the Master Trustee.

2. Notwithstanding the entry of this Final Decree, upon receipt of notice of amount due, the Debtor shall promptly satisfy all outstanding quarterly fees to the United States Trustee based upon disbursements made prior to the entry of this Final Decree.

3. Without further order of the Court, all financial and depository institutions in which the Debtor maintains any account, including but not limited to TD Bank and Valley National Bank, are hereby authorized and required to transfer funds from and/or close any and all

Debtor:            PASCACK VALLEY HOSPITAL ASSOCIATION, INC.
Case No.:          07-23686 (RG)
Caption of Order:  FINAL DECREE

of said accounts upon the request or instruction of the Debtor or the Debtor's accountants, Bederson and Company.

4. Notwithstanding the entry of this Final Decree, this Court shall retain jurisdiction to hear and determine all pending adversary proceedings that have been commenced by the Creditors' Committee as of the date of this Order.

5. The compensation procedures for Creditors' Committee professionals are hereby modified as follows: (i) no more frequently than monthly and no less frequently than quarterly, the Creditors' Committee professionals shall submit to the Creditors' Committee a statement (each, a "Statement") reflecting all fees (itemized, as applicable, to indicate the individual performing services, such individual's billable rate, a description of the services performed, the time spent, and the fees incurred) and itemized costs to be reimbursed, (ii) the amount reflected in any such Statement may be paid to the Creditors' Committee professionals after 20 days after the delivery of the Statement as specified in clause (i) above, without the need for further review or approval of the Bankruptcy Court or any other party, unless prior to the expiry of such 20-day period, a member of the Creditors' Committee shall have objected in writing to any compensation reflected in the Statement, in which case the undisputed amounts may be paid and the disputed amounts may only be paid by agreement of the Creditors' Committee professional and the objecting party, or pursuant to Final Order of the Bankruptcy Court, which shall retain exclusive jurisdiction over all disputes regarding the compensation to be paid to the Creditors' Committee professionals. All costs, expenses, and obligations, including without limitation filing fees, incurred by the Creditors' Committee professionals shall be paid from the applicable Carved-Out Assets as set forth in the Settlement Agreement.

Debtor: PASCACK VALLEY HOSPITAL ASSOCIATION, INC.
Case No.: 07-23686 (RG)
Caption of Order: FINAL DECREE

6. The Debtor's request for modification of the final fee application process for Jackson Lewis, Palmieri & Eisenberg, Buck Consultants and Beattie Padovano (the "Paid Professionals"), is hereby granting. Within ten (10) days of the entry of this Final Decree, the Debtor shall provide notice to all interested parties of the fees and expenses that have been paid to the Paid Professionals. All interested parties shall have twenty-one (21) days from the date of service of the notice to file an objection to the fees and expenses of the Paid Professionals. If no objection is timely filed, the interim fee orders in favor of the Paid Professionals shall be deemed final fee orders. If an objection is timely filed, the Court will schedule a hearing thereon and thereafter enter an appropriate order.

7. With the exception of the Paid Professionals (as defined above), all final fee applications shall be filed within thirty (30) days after the entry of this final decree. The Court retains jurisdiction to hear and determine all final fee applications by professionals notwithstanding the entry of the final decree.

8. The Court having determined that the Pumping Station Lot is of inconsequential value to the Estate, the Debtor is hereby authorized to abandon the Pumping Station Lot through quitclaim deed to the Borough of Westwood.

9. The within-captioned Chapter 11 case shall be, and hereby is, closed.

10. Notwithstanding the entry of this Final Decree, this Court shall consider a motion by the Creditors' Committee to reopen the Chapter 11 case to approve a distribution to general unsecured creditors.